## Colorado v. Capella.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 884.—Resuelto en diciembre 16, 1912.

Divorcio—Patria Potestad—Bienestar de los Hijos.—La cuestion fundamental que debe tenerse en cuenta en el ejercicio de la *patria potestad* es el bienestar de los hijos.

Id.—Patria Potestad—Relaciones de Familia—Cónyuge Divorciado.—La determinación de la extensión de las relaciones de familia entre un cónyuge

contra quien se ha dictado sentencia de divorcio y sus hijos que han quedado bajo la *patria potestad* del otro cónyuge, descansa en la sana discreción del tribunal sentenciador y no será modificado por este tribunal a menos que se demuestre abuso en el ejercicio de dicha discreción.

ID.—RELACIONES DE FAMILIA.—En el caso de autos se resolvió que no cometió abuso de discreción el tribunal sentenciador al resolver que la madre viera a sus hijos una vez al mes durante cuatro horas, atendidas las circunstancias del caso y que la sentencia de divorcio fué dictada contra la madre por adulterio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Adrián Agosto.*

La parte apelada no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Rafael Colorado obtuvo una sentencia de divorcio contra su esposa Lorenza Capella Martínez fundada en adulterio, confiriéndole la corte la *patria potestad* de sus menores hijos. Poco después de dictada la sentencia la esposa presentó una solicitud en la que alegaba que su esposo Rafael Colorado le impedía que pudiera ver a sus hijos, lo que constituía una infracción del artículo 175 del Código Civil, y solicitó de la corte que dictara una orden por la que se le permitiera ver a sus hijos y continuar las relaciones de familia con los mismos.

El artículo 175, de dicho código es como sigue:

"En todos los casos de divorcio, los hijos menores serán puestos bajo el cuidado y *patria potestad* de la parte que lo hubiere obtenido; pero el otro cónyuge tendrá derecho a continuar las relaciones de familia con sus hijos."

Durante la dominación española en este país, así como en todos los Estados de la Unión, la cuestión fundamental ha sido siempre el bienestar de los hijos. Es cierto que el artículo 175 expresa que "el otro esposo tendrá derecho a continuar las relaciones de familia con sus hijos. El ejercicio completo de la *patria potestad,* sin embargo, parece conferirle al padre en este caso, el derecho para fijar las horas, conducta y demás disposiciones relativas a los hijos. El estatuto es algo indeterminado y era necesario que una corte

resolviera los derechos de las partes, y creemos que la corte inferior los resolvió acertadamente a favor de la mujer, permitiéndole que viera a sus hijos una vez y por término de cuatro horas cada mes.   Las relaciones de familia a que se refiere el estatuto no significan que la esposa divorciada ha de ver a sus hijos frecuentemente, puesto que tal cosa sería perjudicial al bienestar de los mismos, sino que continúa en sus relaciones de familia con ellos cuando los ve como se le ha permitido en este caso, o sea, una vez al mes.   La cuestión referente a la extensión de estas relaciones de familia estaba dentro de la sana discreción de la corte, y no vemos que se haya abusado de dicha discreción teniendo en cuenta especialmente que el fundamento del divorcio fué el adulterio y que no se probó ante la corte que la mujer se hubiera reformado o dejado el modo de vivir que tenía que dió origen al divorcio.

Debe confirmarse la orden.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.