MARÍA DE LA ENCARNACIÓN GORBEA, demandante y apelada, *v.* JOSÉ RAMÓN LÁTIMER, demandado y apelante.

No. 3561.—*Visto:* Abril 17, 1925. *Resuelto:* Abril 28, 1925.

1. DIVORCIO—ACCIÓN Y EFECTO DEL DIVORCIO Y DERECHOS DE LAS PERSONAS DIVORCIADAS—RELACIONES DE FAMILIA ENTRE EL CÓNYUGE CULPABLE Y SUS HIJOS.—Decretado un divorcio, la determinación de las relaciones de familia entre el cónyuge culpable y sus hijos descansa en la sana discreción del tribunal sentenciador, y no será modificada en apelación a menos que se demuestre abuso en el ejercicio de dicha discreción.

RESOLUCIÓN de *Charles E. Foote,* J. (Primer Distrito, San Juan), regulando las relaciones de familia entre el cónyuge culpable en divorcio y sus hijos. *Confirmada.*

*Mariano Acosta Velarde,* abogado del apelante; *Rafael Rivera Zayas,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Dictada sentencia disolviendo el matrimonio contraído por J. R. Látimer y María de la Encarnación Gorbea, ésta que como cónyuge inocente conservó la patria potestad sobre los hijos—cuatro niños de corta edad—acudió a la corte pidiéndole que regulara las relaciones del padre, cónyuge culpable, con los hijos, fijando las horas de 4 a 6 de la tarde de los lunes y viernes para que el padre pudiera ver y sacar a paseo a sus hijos.

Oídas ambas partes, la corte, el 30 de diciembre de 1924, dispuso que los hijos "puedan ser sacados a paseo por el padre de la casa de la demandante de 4 a 6 de la tarde durante los días miércoles y sábado de cada semana." No conforme el demandado Látimer interpuso el presente recurso de apelación.

Invoca el apelante el artículo 175 del Código Civil para sostener que se le ha privado de un derecho que la ley le reconoce o sea el de continuar sus relaciones de familia con sus hijos.

[1] En efecto el precepto de la ley invocado al ordenar que al decretarse el divorcio los hijos sean puestos bajo el cuidado y patria potestad de la parte que lo hubiere obte-

nido, añade "pero el otro cónyuge tendrá derecho a continuar las relaciones de familia con sus hijos."

La orden de la corte no desconoce el derecho del apelante. Lo regula. Regular no es prohibir.

"El derecho a la custodia de los niños concedido por sentencia de divorcio," dice *Corpus Juris,* resumiendo la jurisprudencia, "no priva a la otra parte de tener acceso a los niños en ausencia de disposición expresa en contrario. La sentencia puede comprender un pronunciamiento permitiendo al padre privado de su custodia que los visite con sujeción a aquellas restricciones que las circunstancias justifiquen, dentro de la discreción de la corte, discreción de la cual no se abusará. El privilegio de visitarlos no es un derecho absoluto y debe estar subordinado al bienestar del niño, aunque dicho privilegio es usualmente concedido aún a una parte culpable a menos que esté moralmente incapacitada para asociarse con el niño. De ahí que se haya dado el derecho de acceso a un esposo adúltero, pero ordinariamente no a la esposa adúltera, por lo menos mientras continúa sus relaciones ilícitas con su amante, aunque en algunas jurisdicciones la corte puede dar el derecho de acceso a su discreción." 19 C.J. 348.

En el caso de *Kane* v. *Kane,* 53 Mont. 519, 165 Pac. 457, que es uno de los citados por *Corpus Juris,* se resolvió que "las condiciones bajo las cuales podrán hacerse las visitas, la hora, lugar y duración de las mismas, la conducta del padre durante tales visitas, y el límite hasta donde podrá tener la custodia del niño, son todas materias propias para ser reguladas por la Corte."

En el de *Edwards* v. *Edwards* (23 Ky. L. 1051) 64 SW, 726, se decidió que bajo el privilegio de tener acceso al niño no se permitirá que sea obstaculizada su educación. Y en el de *Miner* v. *Miner,* 11 Ill. (1 Peck.) 43, que "una tentativa para enajenar el afecto del niño puede constituir un desacato a la Corte."

Esta Corte Suprema en el caso de *Colorado* v. *Capella,*

18 D.P.R. 991, claramente resolvió que "la determinación de la extensión de las relaciones de familia entre un cónyuge contra quien se ha dictado sentencia de divorcio y sus hijos que han quedado bajo la patria potestad del otro cónyuge, descansa en la sana discreción del tribunal sentenciador y no será modificada por este tribunal a menos que se demuestre abuso en el ejercicio de dicha discreción."

Para examinar las circunstancias especiales de este caso concreto, sólo tenemos el escrito de la demandante y la contestación del demandado. El primero presenta una situación que claramente exigía que se regulara. No obstante haberse decretado el divorcio y puesto los hijos bajo la patria potestad de la madre, el padre seguía interviniendo con ellos en forma tal, sacándolos del hogar de día y de noche, que hacía imposible cualquier plan de educación y cuidado adoptado por la madre. El padre por el contrario sostuvo que la situación era distinta, que el divorcio se decretó por abandono, y alega que la regla de la corte prácticamente corta sus relaciones con sus hijos porque es pobre y tiene que trabajar y no puede, por tanto, disponer de las horas señaladas los miércoles y los sábados.

El conflicto fué resuelto por la corte sentenciadora. No sabemos si se practicaron pruebas o no. La transcripción de todos modos no las contiene. La corte que reguló las relaciones, fué la misma que decretó el divorcio, estando en tal virtud en mejores condiciones que nosotros para apreciar los hechos. Bajo tales circunstancias no es posible concluir que abusara de su discreción. Debemos por el contrario presumir que al ejercerla tuvo en cuenta la ley y el bienestar de los niños.

*Debe confirmarse la resolución apelada.*

El Juez Asociado Señor Wolf firmó "conforme con la sentencia."