FRANK PICÓ, demandante y apelado, *v.* BLANCA MEJÍA, demandada y apelante.

Núm. 7314.—*Sometido:* Enero 11, 1938. *Resuelto:* Febrero 18, 1938.

*Pascasio Fajardo Martínez,* abogado de la apelante; *Alfredo Arnaldo, Jr.,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA emitió la opinión del tribunal.

En el presente caso se apela de una orden de la corte inferior negándose a regular las relaciones de familia entre los hijos habidos en el matrimonio de ambas partes litigantes, después de decretado el divorcio por la causal de adulterio. La sentencia fué dictada en rebeldía, luego de haberse practicado la prueba del demandante sobre las alegaciones de la demanda. Nada dijo el tribunal inferior al pronunciar su sentencia sobre las relaciones de familia del cónyuge culpable con sus hijos menores y ahora comparece la demandada solicitando que se regulen esas relaciones de acuerdo con el artículo 107 del Código Civil (ed. 1930).

La corte inferior entiende que, velando por el bienestar de los niños y en el uso de su discreción, no debe dictar orden alguna permitiendo a la madre tener ninguna clase de relaciones con sus hijos. Basa la corte su fallo en el caso de *Gorbea* v. *Látimer,* 34 D.P.R. 204, que a su juicio es de perfecta aplicación.

En el caso citado la corte de distrito decretó el divorcio a favor de la esposa y dispuso que los hijos pudiesen ser sacados a paseo por el padre, de 4 a 6 de la tarde, todos los días miércoles y sábado de cada semana. No conforme el demandado con esta resolución, apeló de la misma, alegando que se le había privado de un derecho que la ley le reconoce, o sea el de continuar las relaciones de familia con sus hijos.

Este tribunal, confirmando la decisión apelada, se expresó así:

"La corte que reguló las relaciones fué la misma que decretó el divorcio, estando en tal virtud en mejores condiciones que nosotros para apreciar los hechos. Bajo tales circunstancias no es posible concluir que abusara de su discreción. Debemos, por el contrario, presumir que al ejercerla tuvo en cuenta la ley y el bienestar de los niños."

El párrafo de Corpus Juris que se copia en dicho caso no tiene el alcance que parece atribuirle el tribunal inferior. Según allí se dice, el derecho a la custodia de los niños concedido por sentencia de divorcio no priva a la otra parte de tener acceso a los hijos en ausencia de disposición expresa en contrario. En Puerto Rico, lejos de existir una disposición expresa en contrario, se concede al cónyuge culpable el derecho de continuar las relaciones de familia con sus hijos en la manera y extensión que acuerde el tribunal al dictar la sentencia de divorcio.

Continúa diciendo la cita de Corpus Juris qué "la sentencia puede comprender un pronunciamiento permitiendo al padre privado de la custodia de los hijos que los visite con sujeción a aquellas restricciones que las circunstancias justifiquen, dentro de la discreción de la corte, discreción de la cual no se abusará. El privilegio de visitarlos no es un derecho absoluto y debe estar subordinado al bienestar del niño, aunque dicho privilegio es usualmente concedido aún a una parte culpable a menos que esté moralmente incapacitada para asociarse con el niño. De ahí que se haya dado el derecho de acceso a un esposo adúltero, pero ordinariamente no a la esposa adúltera, por lo menos mientras continúa sus relaciones ilícitas con su amante, aunque en algunas jurisdicciones la corte puede dar el derecho de acceso a su discreción." (19 C.J. 348.)

Esta cita de Corpus Juris, que no constituye el *ratio decidendi* de este tribunal en el caso citado, no puede servir de fundamento para privar al cónyuge culpable de continuar

las relaciones de familia con sus hijos. No podemos estar conformes con la distinción que se trata de establecer en esa cita entre el esposo adúltero y la esposa culpable del mismo delito. El propósito de la ley no es castigar al cónyuge por el adulterio cometido, sino facilitarle decorosamente los medios de continuar las relaciones familiares con sus hijos. No es mayor el perjuicio que se ocasiona al niño cuando visita la casa de la esposa adúltera que cuando visita la casa del esposo que mantiene la misma vida. El peligro es el mismo y el ejemplo es idéntico. Ambos sostienen relaciones ilícitas e ilegales y no hay razón alguna para ejercer con la madre mayor severidad que con el padre. La asociación de los hijos con sus padres, al mismo tiempo que reconoce el derecho de éstos a disfrutar de su compañía, desarrolla en los niños el afecto a los autores de sus días y contribuye a formar sus corazones en un ambiente de fraternidad paternal. Estas circunstancias no deben pasar inadvertidas para el juzgador al decretar el divorcio y disponer de la custodia de los niños. No hay vínculo en la vida que pueda considerarse más sublime que aquél que nace de la relación natural de afecto y simpatía que normalmente se desarrolla entre padre e hijo, no importa cuál pueda ser la conducta moral o la raza, color, credo o posición en la vida, del padre o de la madre. *Frazier* v. *Frazier,* 147 So. 464, 466.

En el presente caso se decretó el divorcio por adulterio. Se probó más tarde que la esposa continúa manteniendo relaciones ilícitas con su amante y por esta razón el tribunal inferior se negó a regular las relaciones familiares. No se aduce ninguna otra razón para privar a la demandada apelante de sus derechos. La corte inferior puede, dentro de su discreción, adoptar medidas para que esta madre continúe las relaciones familiares con sus hijos, sin menoscabo del bienestar de los mismos. No es necesario que la madre lleve a los menores a su propia casa. Puede verlos en casa de algún amigo de ambos cónyuges o en algún otro sitio donde los menores queden completamente protegidos.

Entendemos que dado el precepto terminante de nuestro Código Civil, no puede privarse al cónyuge culpable en este caso de continuar con sus hijos las relaciones de familia por el solo hecho de que el adulterio de la madre haya sido la causa del divorcio.

Como dijimos en *Gorbea v. Látimer,* supra, regular no es prohibir, y en este caso la decisión del tribunal *a quo* prohibiendo sin regular las relaciones de familia constituye un abuso de discreción.

*Debe revocarse la orden apelada y devolverse el caso a la corte inferior a fin de que la misma regule las relaciones familiares de los niños habidos en el matrimonio entre las partes litigantes, de acuerdo con esta opinión.*