# 96 DTA 149

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGUEZ**

LOURDES RIOS RIOS
Demandante-Peticionaria

v.

MIGUEL A. VIALIZ MONTALVO; ROSA MONTALVO ORTEGA
Demandados-Recurridos

Núm. KLCE-96-00977

San Juan, Puerto Rico, a 1 de octubre de 1996

Panel integrado por su presidente, el Juez Amadeo Murga
y los Jueces Martínez Torres y Rodríguez García

Martínez Torres, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se nos plantea en este recurso si es válida una orden que privó a una madre de su derecho a relacionarse y ver a sus hijos, emitida sumariamente, sin vista previa y supuestamente para proteger la pureza de una evaluación ordenada por el tribunal. Por las razones que exponemos a continuación, resolvemos que la referida orden es inválida, la revocamos y devolvemos el caso para que se celebre una vista sobre privación de relaciones materno-filiales.

### I

La demandante-peticionaria, Lourdes Ríos Ríos, y el co-demandado co-recurrido, Miguel A. Vializ Montalvo, se divorciaron por consentimiento mutuo el 24 de mayo de 1993. En aquel entonces, el tribunal sentenciador otorgó a la Sra. Ríos Ríos la custodia de los tres hijos menores de edad procreados en el matrimonio.

En marzo de 1996, el Sr. Vializ Montalvo se querelló en el Tribunal de Primera Instancia, Sala de Mayaguez, de que la Sra. Ríos Ríos alegadamente maltrataba a los menores. A esos efectos, la Juez Municipal, Hon. María M. Jordán, alteró la determinación original de custodia, asignándosela al padre de los menores, el Sr. Vializ Montalvo. El tribunal emitió su orden bajo la Ley Núm. 140 de 23 de julio de 1974, según enmendada, conocida como la *"Ley sobre Controversias y Estados Provisionales de Derecho",* 32 L.P.R.A. sec. 2871 y ss. Para efectos de su resolución fijando un estado provisional de derecho, el tribunal tomó como ciertas las alegaciones de maltrato hechas por el Sr. Vializ Montalvo, a saber, que el padrastro de los menores iba a ser denunciado por violencia doméstica y había cometido actos lascivos sobre los menores. El 19 de abril de 1996, el tribunal modificó su dictamen, para conceder la custodia a la abuela paterna de los menores, la co-demandada co-recurrida Rosa Montalvo Ortega.

Un mes después, la Sra. Ríos Ríos presentó la demanda de epígrafe en el Tribunal de Primera Instancia, Sala Superior de Mayaguez. Solicitó que se expidiera un auto de *hábeas corpus* que le devolviera la custodia de los menores según lo ordenado por el mismo tribunal en su sentencia de divorcio de 1993. El caso fue trasladado a la Sala de Aguadilla ya que las partes principales, Ríos Ríos y Vializ Montalvo, trabajan en el Centro Judicial de Mayaguez. El 28 de mayo siguiente, el tribunal (Hon. María del Carmen Martínez Lugo, Juez) decretó que la juez municipal había tenido autoridad y bases adecuadas para emitir su dictamen provisional de custodia y que el recurso de *hábeas corpus* no procedía. A esos efectos, extendió el estado provisional de custodia hasta la celebración de una vista plenaria y convirtió la petición de *hábeas corpus* en un caso ordinario de custodia. Por último, el tribunal fijó relaciones filiales entre la madre y sus hijos, a llevarse a cabo los sábados de 9:00 A.M. a 5:00 P.M., supervisadas por la abuela materna. Se refirió el caso a la Oficina de Relaciones de Familia para que ésta rindiera un informe social.

El 18 de julio de 1996, el tribunal modificó su dictamen al suspender las visitas de la madre a la residencia de la abuela paterna y ordenar en su lugar que las visitas a los menores se efectuaran únicamente bajo la supervisión del personal del Departamento de la Familia, Oficina de Mayaguez. Esa resolución se basó en la recomendación urgente del psicólogo Pedro Medina, tras una cita de evaluación de los niños y sus padres, a la cual la madre de los niños no compareció después de ser citada. El psicólogo informó que la abuela paterna no

había supervisado las visitas según se le ordenó.

La resolución recurrida fue emitida el 5 de agosto de 1996 y notificada el 25 de agosto siguiente. En ella, el tribunal suspendió de forma sumaria las relaciones filiales entre la Sra. Ríos Ríos y sus hijos. El tribunal se basó en dos mociones de la trabajadora social del Programa de Relaciones de Familia, Sra. Lourdes González, que no le fueron notificadas a las partes. Una de las mociones se refiere a un anejo que consiste alegadamente en una carta del trabajador social clínico del Proyecto Amanecer, que alegadamente recomienda que la madre no se relacione con sus hijos mientras el Proyecto Amanecer evalúa clínicamente a los menores y hasta que éste someta su recomendación de custodia al tribunal. El tribunal ordenó que tales recomendaciones deberán serle sometidas en sesenta (60) días, o el tribunal adjudicará sin contar con ellas.

El 27 de septiembre de 1996, es decir treinta y dos (32) días después de notificada la resolución interlocutoria, la demandante Ríos Ríos presentó esta solicitud de *certiorari*. Junto con ella, presentó una moción para que en auxilio de nuestra jurisdicción ordenemos al tribunal que fije relaciones provisionales materno-filiales mientras resolvemos el recurso. Por la urgencia del asunto, resolvemos sin más trámite, según nos autorizan la Regla 53.11 de Procedimiento Civil, adicionada por la Ley Núm. 249 de 25 de diciembre de 1995, y la Regla 7(B)(5) de nuestro Reglamento de 25 de abril de 1996.

## II

Aunque la solicitud de *certiorari* fue presentada treinta y dos (32) días después que se notificó la resolución recurrida, tenemos facultad para conocer del recurso.

La Regla 53.1(e)(1) de Procedimiento Civil, según enmendada por la Ley Núm. 249 de 25 de diciembre de 1995, dispone el término para presentar un recurso de *certiorari* interlocutorio ante este Tribunal:

*"(e) Recurso de certiorari al Tribunal de Circuito de Apelaciones*

*(1) El recurso de certiorari para revisar cualquier resolución u orden del Tribunal de Primera Instancia se formalizará presentando una solicitud dentro de los treinta (30) días siguientes a la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando mediaren circunstancias especiales debidamente sustentadas en la solicitud de certiorari. Cuando la notificación de la resolución u orden recurrida se notifica por correo, la Regla 68.3 ▮ ordena que se añadan tres (3) días al término. Figueroa Rivera v. Tribunal Superior, 85 D.P.R. 82 (1962). Esa extensión no constituye una prórroga. Por tanto, no aplica la prohibición de la Regla 68.2 ▮ a prorrogar el término para radicar bajo la Regla 53.1. La extensión de tres días dispuesta en la Regla 68.3 es enteramente aplicable por tratarse de un término de cumplimiento estricto según los propios términos de la Regla 53.1(e)(1) --no de un término jurisdiccional-- y porque el término se cuenta desde la notificación de la resolución u orden y no desde el archivo en autos. Véanse Gobernador de P.R. v. Alcalde de Juncos, 117 D.P.R. 522 (1988); Figueroa Rivera, supra. Así pues, la radicación del presente recurso de certiorari treinta y dos (32) días después de notificada la resolución recurrida, fue hecha en término."*

## III

La demandante-peticionaria plantea ante nos que incidió el tribunal de instancia al suspender de forma sumaria, sin escucharle, su derecho a relacionarse con sus hijos. En estricto derecho, tiene razón.

La relación filial entre los padres y sus hijos está protegida constitucionalmente por el derecho a la libertad garantizado por las Constituciones de Estados Unidos y Puerto Rico. *Santosky v. Kramer,* 455 U.S. 745, 754-55 (1982); ▮ *Santana Medrano v. Acevedo,* 116 D.P.R. 298, 302 n.5 (1985). Por ende, los tribunales pueden regular esas relaciones, pero no pueden prohibirlas totalmente, salvo situaciones de excepcional gravedad. *Sterzinger v. Ramírez,* 116 D.P.R. 762, 775-76 (1985); *Picó v. Mejía,* 52 D.P.R. 728, 731 (1938). Salvo razones poderosas en contrario, debe reconocerse y fomentarse el derecho del progenitor no custodio a relacionarse con sus hijos menores. Es cónsono con los mejores intereses de los menores que esas relaciones se fomenten, por lo que el derecho que ampara esas relaciones se interpreta liberalmente, sin escatimar el tiempo que los menores puedan pasar con su progenitor no custodio. *Sterzinger, supra,* pág. 776; *Centeno Alicea v. Ortiz,* 105 D.P.R.

523, 527 (1977).

No hay duda que la decisión del tribunal de prohibir a la madre relacionarse con sus hijos por tiempo indefinido, sin explorar otra alternativa, sin escuchar a la madre afectada ni a los menores, y sin poner a la madre en condiciones de refutar unos informes psicológicos a los que ésta no tuvo acceso antes de emitirse la orden, constituye un abuso de discreción. Por más displicente que la madre haya sido al no cooperar con los estudios ordenados por el tribunal, por más graves que sean las razones que motivaron al tribunal a cancelar las relaciones materno-filiales y aunque los psicólogos expresen objeciones a tales relaciones, el tribunal debe darle a la madre una pronta oportunidad de presentar su versión y de refutar las alegaciones y prueba en su contra, incluyendo las conclusiones de los psicólogos que atienden a sus hijos. Mientras más justificada estuviera la rápida intervención del tribunal modificando su dictamen anterior sobre las relaciones materno-filiales, más necesaria e imprescindible era una vista rápida, a celebrarse en un breve plazo después de emitida la orden privatoria del derecho de la madre a relacionarse con sus hijos. Eso es lo menos que exige el debido procedimiento de ley. Const. E.U.A., Enms. V o XIV; Const. P.R., Art. II, Sec. 7.

La casuística ha elaborado criterios para determinar cuál es el proceso debido para privar a un individuo de algún derecho-protegido. En *Mathews v. Eldridge,* 424 U.S. 319 (1976) y *Vélez Ramírez v. Romero Barceló,* 112 D.P.R. 716 (1982), se señaló que debemos sopesar (1) los intereses individuales afectados por la acción oficial; (2) el riesgo de una determinación errónea que prive al individuo de su interés protegido y el valor probable de garantías adicionales o distintas; y (3) el interés público que la acción sumaria busca proteger así como la posibilidad de emplear métodos alternos.

Resolvemos, siguiendo tales criterios, (1) que existe un derecho constitucional de la madre y sus hijos a relacionarse, que ha sido afectado negativamente por la orden recurrida; (2) que por haberse hecho de forma sumaria y a base de una comunicación ex-parte, sin darle a la madre la oportunidad de presentar su versión, presentar prueba a su favor y cuestionar lo comunicado al tribunal, la orden recurrida presenta el riesgo de que se haya privado erróneamente a la madre de su interés libertario en relacionarse con sus hijos; y (3), por ende, la orden recurrida no es cónsona con el interés público de proteger el bienestar de los menores y su derecho a relacionarse con su madre. Véase *Lassiter v. Department of Social Services,* 452 U.S. 18 (1981).

No empece lo anterior, el remedio que solicita la peticionaria es improcedente. No podemos adjudicar lo referente a las relaciones materno-filiales sin tener ante nos todos los elementos de juicio necesarios. Es por esa razón que se hace imprescindible que el Tribunal de Primera Instancia efectúe una vista evidenciaria en la que decidirá si mantiene o no la prohibición temporera a la madre de relacionarse con sus hijos, y si la mantiene, por cuánto tiempo. Aun si se entendiera que, a base de los datos que llegaron a conocimiento del tribunal, y en protección de la evaluación que se realiza en el Proyecto Amanecer, se justificaba la necesidad de suspender las relaciones materno-filiales sin vista previa, esa vista tiene que efectuarse a la mayor brevedad luego de la privación del derecho de la madre a relacionarse con sus hijos menores, para salvaguardarle así un debido procedimiento de ley. Así se ha resuelto en el contexto del despido sumario de empleados públicos. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 544-45 (1985); *Torres Solano v. P.R.T.C.,* Opinión de 20 de noviembre de 1990, **90 J.T.S. 122,** pág. 8205. Sin duda, la misma norma aplica cuando se priva a una madre de su interés de libertad de relacionarse con sus hijos.

## IV
Por todo lo expuesto, se expide el auto de *certiorari* y se modifica la Orden de 5 de agosto de 1996 en cuanto ésta priva sumariamente a la madre de su derecho a relacionarse con sus hijos menores. Se ordena al Tribunal de Primera Instancia, Sala Superior de Aguadilla, que celebre una vista no más tarde del lunes 7 de octubre de 1996 en la que se escuche la versión de la demandante-peticionaria, Lourdes Ríos Ríos, y se le de la oportunidad de cuestionar los informes que alegadamente dieron lugar a la determinación sumaria del tribunal. Si luego de efectuada esa vista, el tribunal decide que se justifica mantener por el momento la suspensión de las relaciones materno-filiales, deberá justificar por escrito su decisión. En ese caso, la suspensión de las relaciones materno-filiales deberá ser por un tiempo determinado, o en la alternativa, deberá estar sujeta a reevaluación judicial en un período de tiempo razonable. El tribunal deberá explorar, además, las alternativas existentes a la suspensión de las relaciones materno-filiales. Al resolver, el criterio rector será el bienestar de los tres menores

afectados.

Por último, se confirma el resto de la orden de 5 de agosto de 1996 y se devuelve el caso al foro de instancia para procedimientos ulteriores compatibles con lo aquí resuelto.

Adelántese por teléfono y facsímil a las partes y al Tribunal de Primera Instancia, y notifíquese a la brevedad posible por la vía ordinaria.

Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 96 DTA 149

**1.** Dispone:

*"68.3. Plazo adicional cuando se notifica por correo.*

*Siempre que una parte tenga derecho a realizar, o se le requiera para que realice algún acto dentro de determinado plazo después de habérsele notificado un aviso u otro escrito, y el aviso o escrito le sea notificado por correo, se añadirán tres (3) días al período prescrito, salvo que no será aplicable a los términos que sean contados a partir del archivo en autos de copia de la notificación de la sentencia."*

**2.** Reza:

*"68.2 Prórroga o reducción de términos*

*Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción, (1) previa moción o notificación o sin ellas, ordenar que se prorrogue o acorte el término si así se solicitare antes de expirar el iérmino originalmente prescrito o según prorrogado por orden anterior; o (2) a virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a negligencia excusable; pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.3, 44.1, 47, 48.2; 48.4, 49.2, 53.1, 53.2, 53.3 y 53.7, salvo lo dispuesto en las mismas bajo las condiciones en ella prescritas."*

**3.** En ese caso se resolvió que la privación permanente de la custodia y la patria potestad debe estar basada en prueba clara y convincente y no meramente en la preponderancia de la evidencia presentada.