# 98 DTA 138

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL I - SAN JUAN
PANEL IV**

ANGEL ZAYAS ORTIZ Y MARIA G. GARCIA
Recurridos

v.

ROYAL INSURANCE COMPANY OF PUERTO RICO, INC.
Peticionario

Núm. KLCE-97-00962

San Juan, Puerto Rico, a 26 de marzo de 1998

Panel integrado por su Presidenta, la Juez López Vilanova,
el Juez Cordero y la Juez Feliciano Acevedo

### TEXTO COMPLETO DE LA RESOLUCION

La codemandada Royal Insurance Company of Puerto Rico, Inc., *("Royal"),* oportunamente, presentó ante este Tribunal una Petición de *Certiorari.* ▉

Mediante dicha petición, Royal suplica se revoque la orden del Tribunal de Primera Instancia, quien declaró *"no ha lugar"* su moción de sentencia sumaria. Confirmamos.

# I

Royal alegó en su solicitud de sentencia sumaria la ausencia de controversia sobre los siguientes hechos:

*"(1) El 11 de septiembre de 1995, el demandante Angel Zayas Ortiz ("Zayas"), radicó una querella ante la Policía de Puerto Rico por el asalto a mano armada, en el cual fue despojado de su carro y pertenencias, perpetrado por un desconocido.*

*(2) Zayas, según se informa, se encontraba en la [sic] companía de la demandante María C. García Lorenzo ("María"). El automóvil hurtado era deportivo, rojo, marca Porsche, año 1982.*

*(3) El asalto ocurrió a las 11:50 de la manana de un día claro y lo perpetró un hombre que el demandante desconocía. El incidente sucedió al aire libre en el establecimiento del restaurante denominado McDonald's ("McDonald's"), cuyo restaurante se encuentra ubicado en la Avenida Roosevelt, esquina Muñoz Rivera, en Hato Rey, Puerto Rico.*

*(4) McDonald's es un establecimiento individual y el mismo no forma parte de un centro o conglomerado comercial alguno. En el establecimiento de McDonald's se encontraba el celador, que no posee arma de fuego, para velar por personas que no fuesen parroquianas del restaurante no se estacionaran en éste.*

*(5) Zayas, mediante una fotografía en el periódico, identificó a José Alvarez Berríos como el criminal que lo asaltó el 11 de septiembre de 1995.*

*(6) El delincuente no es empleado, agente autorizado ni representante de McDonald's."*

En su oposición a la moción de sentencia sumaria, Zayas y María alegaron la existencia de hechos en controversia, e.g., ¿si McDonald's cumplió o no con su deber de proveer seguridad adecuada a las personas que patrocinan su comercio?

En el *"Informe sobre Conferencia con Antelación al Juicio"* Zayas y María alegaron como parte de su teoría del caso:

*"Que mientras los Demandantes eran asaltados, estaba frente a ellos el Guardia de Seguridad del Restaurant McDonald's, que a pesar de las señas y/o gestos que le hizo la Codemandante, Sra. García, éste no hizo nada, limitándose solamente a observar el robo a mano armada."*

A esta alegación, Royal contestó en el mismo informe:

*"La función del guardian [sic] es [sic] el estacionamiento es velar que personas no parroquianas del restaurante no se estacionen en las facilidades. La necesidad de tener al guardian [sic] en el establecimiento responde a la alta concurrencia de automóviles que por allí transitan. Tal fue la razón por que se adquirió sus servicios más [sic] no para enfrentar a los delicuentes [sic] que forman parte de la rampante [sic] ola criminal. Además, el guardian [sic] no posee un arma de fuego a diferencia del delincuente que asaltó a los demandantes.*

*El hecho de que el guardián le hubiese hecho frente al delincuente no garantizaba que los demandantes no hubiesen recibido los daños que alegan padecer. Es decir, aunque el guardian [sic] hubiese confrontado y detenido al delincuente no hubiese eliminado el susto y las angustias que alegan los demandantes sufrir por ver a éste apuntandoles [sic] con un revólver."*

Bajo el subtítulo de *"Controversia"* en el informe, las partes señalaron:

*"V. CONTROVERSIA*

*Parte Demandante:*

*1. Responsabilidad*

*2. Daños sufridos por la parte Demandante.*

*Parte Demandada:*

*1. Que partes incurrieron en culpa y/o negligencia.*

*2. El grado de culpa y/o negligencia de cada parte.*

*3. El alcance de los daños sufridos por la parte demandante.*

*4. El valor económico de los daños."*

## II

En síntesis, Royal alega que según el informe con antelación al juicio, los demandantes Zayas y María no han indicado que posean evidencia de clase alguna que pueda establecer el nexo causal entre el incidente ocurrido y la conducta de McDonald's y/o sus empleados. En consecuencia, Royal insiste que erró el foro *a quo* al no declarar con lugar su solicitud de sentencia sumaria.

## III

La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3, autoriza que se dicte sentencia sumaria inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demuestran que no hay controversia real sustancial en cuanto a ningún hecho pertinente y que como cuestión de derecho, debe dictarse la misma a favor de la parte promovente.

El propósito de la sentencia sumaria es aligerar la tramitación de un caso, permitiendo que se dicte sentencia sin celebrar una vista en los méritos, cuando de documentos no controvertidos surge que no existen controversias genuinas de hechos materiales y lo que resta es aplicar el derecho. *Hurtado Latre v. Osuna Fresse,* __ D.P.R. __ (1995), **95 J.T.S. 98,** a las págs. 1061, 1065; *PFZ Properties, Inc. v. General Accident Insurance Co.,* __ D.P.R. __ (1994), **94 J.T.S. 116,** a las págs. 111 y 124-125; *Caquías Mendoza v. Asoc. Residentes Mansiones de Río Piedras,* __ D.P.R. __ (1993), **93 J.T.S. 127,** a las págs. 11068, 11079; *Cuadrado Lugo v. Santiago Rodríguez,* 126 D.P.R. 272, 279 (1990).

Sin embargo, nuestro Tribunal Supremo ha sido categórico al sostener que *"[l]a sentencia sumaria es un remedio extraordinario que sólo debe ser concedido cuando el promovente ha establecido su derecho con claridad y ha quedado demostrado que la otra parte no tiene derecho a recobrar bajo cualquier circunstancia que resulte discernible de las alegaciones que no hayan sido refutadas...."*. *Cuadrado Lugo v. Santiago Rodríguez, supra,* a la pág. 280 (citando a *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 D.P.R. 714, 720 (1986)).

Es por ello, que el Tribunal Supremo ha expresado que en el proceso de determinar si la Regla 36.3, *supra,* es un vehículo apropiado para disponer total o parcialmente de una demanda, *"[e]l sabio discernimiento es el principio rector para su uso, porque mal utilizado puede prestarse para despojar a un litigante de 'su día en corte', principio elemental del debido procedimiento de ley. Es por esta razón, que el tribunal debe cerciorarse de la total inexistencia de controversias de hechos...."*. *Consejo de Titulares del Condominio Parkside v. M.G.I.C. Financial Corp.,* __ D.P.R. __ (1991), **91 J.T.S. 54,** a las págs. 8668-8669 (citando a *Roig Commercial Bank v. Rosario Cirino,* 126 D.P.R. 613, 617-618 (1990)).

Por tanto, el mecanismo procesal de sentencia sumaria es un remedio discrecional que sólo debe invocarse cuando la prueba documental que se presenta establece con claridad la existencia de un derecho, y sólo debe dictarse *"...en casos claros, cuando el tribunal tenga ante sí la verdad sobre todos los hechos pertinentes." PFZ Properties, supra; Medina Morales v. Merck, Sharp & Dhome,* __ D.P.R. __ (1994), **94 J.T.S. 52,** pág. 11786; *Corp. Presiding Bishop CJC of LDS v. Purcell, supra,* a las págs. 720-721.

Con el propósito de concretar lo que constituye *"el sano ejercicio de la discreción",* nuestro Tribunal Supremo ha reiterado que no deben resolverse sumariamente casos complejos o que

envuelvan cuestiones de interés público. *Cuadrado Lugo v. Santiago, supra,* a la pág. 280; *Corp. Presiding Bishop CJC of LDS v. Purcell, supra,* a la pág. 723. También ha reiterado que el dictar sentencia sumaria no es aconsejable en casos donde hay elementos subjetivos de intención, propósitos mentales o negligencia, ni cuando el factor credibilidad es esencial. *Cuadrado Lugo v. Santiago Rodríguez, supra,* a la pág. 279. Así, en *García López v. Méndez García,* 88 D.P.R. 362, 380 (1963), el Tribunal Supremo expresó que:

*"Si bien la Regla 36 no queda excluida como cuestión de derecho de ningún procedimiento en particular, de los que se rigen por las Reglas de Procedimiento, hay litigios y controversias que por la naturaleza de los mismos no hacen deseable o aconsejable el resolverlos mediante una sentencia sumariamente dictada, porque difícilmente en tales casos el Tribunal puede reunir ante sí toda la verdad de los hechos a través de "affidavits" o deposiciones. Este caso es típico de una de esas controversias, donde hay elementos subjetivos envueltos, y de intención y propósitos mentales, donde el factor de credibilidad juega un papel esencial, si no el decisivo, para llegar a la verdad, y donde un litigante depende en gran parte de lo que extraiga del contrario en el curso de un juicio vivo."*

Además, el Tribunal de Primera Instancia está bajo la obligación de no sólo determinar si el oponente controvirtió algún hecho material, sino también si hay alegaciones de la demanda que no han sido controvertidas o refutadas, en forma alguna, por los documentos que se someten con la petición de sentencia sumaria, *Cuadrado Lugo v. Santiago Rodríguez, supra,* a la pág. 280; *Corp. Presiding Bishop CJC of LDS v. Purcell, supra,* a las págs. 722-723.

## IV

Luego de examinar cuidadosamente las circunstancias particulares del presente caso, coincidimos con el tribunal recurrido en que los hechos no son claros y existe controversias que no permiten dictar sentencia sumaria, pues sin su dilucidación cualquiera de las teorías puede ser razonablemente sostenida. Baste señalar que en el presente caso el nexo causal no es un hecho indisputado. Royal alega que los demandantes no podrán probar durante la vista un nexo causal entre los daños y la culpa por comisión y/o omisión del McDonald's y/o sus empleados. A esta etapa, su alegación resulta prematura. No sabemos cuál va a ser el testimonio de los demandantes, o si el guardia pudo haber hecho más de lo que hizo o dejó de hacer y también este caso puede depender, *"...en gran parte de lo que [los demandantes] extraiga[n] del contrario en el curso de un juicio vivo." García López v. Méndez García, supra,* a la pág. 380.

*"Por otro lado, y no menos importante, es el hecho de que tampoco está claro la cuestión del nexo causal. De acuerdo con el derecho vigente, para que exista responsabilidad por un daño causado por la negligencia de otro, es necesario que entre ésta y aquél exista una relación causal y para que exista esta relación causal es necesario que el daño ocasionado haya sido previsible y evitable de haberse realizado a tiempo la acción omitida. Puig Brutau, op. cit., pág. 97. La dificultad estriba en poder precisar 'cuándo se de la relación de causalidad y cuáles son sus límites; cuándo deba estimarse que el hecho productor del daño es causa jurídica que según su naturaleza general aparezca como adecuada para engendrar ese daño'... especialmente cuando se trata de un daño que es el resultado de un acto delictivo de un tercero. Elba A.B.M. v. U.P.R., 125 D.P.R. 294, 310 (1990). Véase, además: Estremera v. Inmobiliaria Rac, Inc., 109 D.P.R. 852, 859 (1980); Rodríguez v. Colón Colón, 103 D.P.R. 493, 501 (1975)."*

*"Al examinar la totalidad de la prueba en autos no podemos concluir que el nexo causal sea un hecho indisputado. Por el contrario, las partes tienen varias teorías distantes de ser semejantes unas a las otras."*

*"Recordemos que, como antes hemos dicho, la difícil determinación de cu[á]ndo existe un nexo causal entre el daño producido por un acto delictivo de un tercero y la omisión de cumplir con la obligación de tomar precauciones, medidas de seguridad y protección, no puede 'resolverse nunca de una manera plenamente satisfactoria mediante reglas abstractas, sino que en los casos de duda ha de resolverse por el juez según su libre convicción, ponderando todas las circunstancias.' J. Castán Tobeñas, Derecho Civil español, común y foral, 10ma ed., Madrid, Ed. Reus, 1967, T. 3, pág. 195. Elba A.B.M. v. U.P.R., supra, pág. 310. Es por esto que no podemos disponer de la controversia ante nos de manera sumaria."*

*Cuadrado Lugo v. Santiago Rodríguez, supra,* a las págs. 283-284.

Por último, debemos hacer énfasis en la facultad del foro *a quo* para emitir sentencia sumaria o denegar la misma. Dicha potestad descansa en su sana discreción al considerar que tiene ante sí la verdad de todos los hechos pertinentes y materiales y sólo resta aplicar el derecho. Siendo el aludido remedio uno discrecional, no intervendremos con el mismo, a menos que exista un claro abuso de discreción, debido a que en el ejercicio de tal discreción ha mediado pasión, prejuicio, parcialidad o mal juicio, *Pueblo v. Navarro Rodríguez,* __ D.P.R. __ (1996), **96 J.T.S. 136**, a la pág. 227; *Pueblo v. Pagán Santiago,* __ D.P.R. __ (1992), **92 J.T.S. 56**, a la pág. 9483; factores que no están presentes en el caso ante nos.

Antes de terminar, hacemos hincapié sobre el hecho de que nada de lo aquí escrito debe entenderse como que la parte demandante ha probado o dejado de probar el nexo causal entre el daño sufrido y la conducta del demandado. Ante los hechos específicos del caso del epígrafe, consideramos recomendable su ventilación mediante juicio plenario.

## V

Por los fundamentos antes expuestos, se declara Sin Lugar la Petición de *Certiorari.*

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

## ESCOLIO 98 DTA 138

**1.** La Regla 68.3, Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 68.3, que extiende los plazos por tres (3) días en casos de notificación por correo, se aplica a la notificación de una resolución u orden revisable por *certiorari* ante el Tribunal de Circuito de Apelaciones. *Ríos Ríos v. Vializ Montalvo,* **96 DTA 149** (1 de octubre de 1996).